**ALEX'S TRANSPORTATION, INC., Plaintiff,**

v.

**COLORADO PUBLIC UTILITIES COMMISSION, Robert J. Hix, Vincent Majkowski, and Raymond L. Gifford, Commissioners Thereof, Defendants.**

**No. Civ.A. 99–Z–1562.**

United States District Court, D. Colorado.

March 14, 2000.

James Allen Beckwith, James A. Beckwith Law Office, Arvada, CO, for Alex's Transportation, Inc., plaintiff.

Gregory E. Sopkin, Attorney General's Office, General Legal Services Section, Denver, CO, for Colorado Public Utilities

**1148**

Commission, Robert J. Hix, Vincent Majkowski, Raymond L. Gifford, Commissioners Thereof, defendants.

## MEMORANDUM OPINION
## AND ORDER

WEINSHIENK, Senior District Judge.

The matters before the Court are plaintiff's Petition For Preliminary Injunction and Plaintiff's Motion to Advance Trial On The Merits pursuant to Fed.R.Civ.P. 65(a)(2). A hearing on these matters was held before the Court on Tuesday, October 19, 1999.

The facts of this case are undisputed. Plaintiff Alex Transportation, Inc., is an Arizona Company engaged in the business of transporting passengers for hire by motor vehicle. Defendants are the Colorado licensing authority for motor common carriers operating in intrastate commerce, transporting passengers in charter service and its commissioners. On September 22, 1998, plaintiff filed an application for motor common carrier authority with defendants to conduct bus service using its seven-passenger vehicles. On December 15, 1998, plaintiff's application was set for administrative hearing, where the application was eventually rejected by a series of subsequent written orders. The key issue at that hearing as well as before the Court in plaintiff's current motion is whether 49 U.S.C § 14501(a) preempts defendants' authority to license plaintiff's transportation of passengers in its seven-person vehicles. 49 U.S.C. § 14501(a) states:

(1) **Limitation on State Law.**—No State or political subdivision thereof and no interstate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to—

. . .

. . .

(C) the authority to provide intrastate or interstate charter bus transportation.

. . .

(2) **Matters not covered.**—Paragraph (1) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle, or the authority of a State to regulate carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

In interpreting this statute both sides agree that Congress intended expressly to preempt state authority over intrastate charter bus transportation. What the parties disagree on is what type of vehicle charter bus transportation refers to. Plaintiff, relying primarily on 49 C.F.R. § 390.5, part of the Federal Motor Carrier Safety Regulations, argues that the term "bus" in the statute refers to any motor vehicle designed constructed, and/or used for the transportation of passengers regardless of the passenger capacity of the vehicle. Under plaintiff's interpretation, therefore, Congress intended to completely preempt state authority over all intrastate charter transportation involving vehicles not classified as either taxis or limousines.[1]

In contrast, defendants assert that Congress intended only to preempt a limited area of intrastate bus transportation, that of charter bus service.[2] Defendants then

---

1. The legislative history, although giving no indication of what is meant by "bus" states that Congress did not intend for this statute to apply to either taxis or limousines. *See* U.S.Code Congressional and Administrative News, 105th Congress, 2nd Session, No. 6, August 1998 at P. 170 ("The Conference also notes that the provision does not limit a State's ability to regulate taxicab service or limousine livery service.")

2. Defendant initially argues that pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Court should abstain from hearing this issue based on plaintiff's failure to exhaust its state remedies. The Court declines to do so based on the absence of any cited persuasive law.

argue that as there is no discernable definition of "bus" or "charter bus" in federal law, it is proper for the individual states to determine the meaning of charter bus service.[3] Since Colorado defines a charter bus as " ... a motor vehicle ... with a minimum capacity of thirty-two passengers ...", *see* C.R.S. 40–16–101(1.3), defendant argues that 49 U.S.C. § 14501 only preempts Colorado's authority to regulate bus transportation in vehicles whose passenger capacity is over thirty two passengers.

The Court has reviewed the parties' briefs, the applicable case law, statutes and the legislative history of 49 U.S.C. § 14501. Further, the Court has considered the oral arguments made by counsel during the October 19, 1999, hearing. After doing so, the Court is convinced that, contrary to plaintiff's position, neither the wording, legislative history of § 14501, nor any other statute or federal regulation provides a clear definition of what passenger vehicle constitutes a bus or charter bus so as to aid in a determination of Congressional intent for the extent of preemption. Typically, when Congress fails to define a specific term, a Court may presume that the drafters intended its ordinary meaning to attach. *See Russello v. United States*, 464 U.S. 16, 21, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). In this case, however, the Court has not found, and neither side has provided, a singular common meaning of "bus" which would resolve this controversy. In the absence of such a definition, the defendants followed a proper course in looking to Colorado law for a definition of charter bus and a determination of the scope of federal preemption. Moreover, as C.R.S. 40–16–101(1.3) specifically defines a charter bus as a vehicle with a minimum capacity of thirty-two passengers, it was reasonable and proper for the defendants to continue to regulate all vehicles which did not meet the thirty-two passenger capacity requirement. Had Congress intended to regulate the size of charter buses, it could have done so.

In its second motion, plaintiff asks that the determination of its motion for a preliminary injunction be advanced to a trial on the merits pursuant to Fed.R.Civ.P. 65(a)(2). Under Rule 65(a)(2), a Court is specifically empowered to consolidate the hearing of an application for a preliminary injunction with a trial on the merits. Although defendants initially opposed plaintiff's motion due to its late filing date, during the October 19, 1999, hearing defendants changed their position and consented to the granting of the motion. As all parties are now in agreement that there are no issues beyond those presented at the hearing and in their briefs for determination, judicial economy dictates that plaintiff's motion be granted. Accordingly, it is

ORDERED that plaintiff's Petition For Preliminary Injunction is denied. It is

FURTHER ORDERED that Plaintiff's Motion To Advance Trial On The Merits is granted. It is

FURTHER ORDERED that Judgment is entered in favor of defendants and against plaintiff.

---

**3.** In support of this position they note that the term bus is defined in contradictory manners throughout the federal code and regulations. *See i.e.,* 49 U.S.C. § 14301 (applying only to a motor bus with a seating capacity of at least 10 individuals); 49 U.S.C. § 30127 (defining bus as a motor vehicle designed to carry more than 10 people); and 49 C.F.R. § 390.5 (*"Bus* means any motor vehicle designed, constructed, and/or used for the transportation of passengers, including taxicabs").